

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY 10  PM 4:16
MAY 1 0 2001
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT EASTERN DISTRICT FOR THE STATE OF LOUISIANA

PLAINTIFF

DOUGLAS HAWTHORNE SR.

**01-1405**

VERSUS

**SECT. L MAG. 2**

DEFENDANT(S)

THE REILY FOODS COMPANY INC.

JIM LASHY

STEVEN HIMEL

TYRONE WHITE

MERRICK MOORE

JOE NEITZSCHMAN

BRYAN EDWARDS

*Plaintiff Demands Jury Trial*

DOCKET #                                                    DATE:

AMOUNT(S):

| | |
|---|---|
| ACTUAL COMPENSATORIES | $ 30,495.04 |
| DISCRIMINATION(S) | $ 1.5 MILLION |
| CIVIL RIGHTS | $ 1.5 MILLION |
| PUNITIVE | $ 2.5 MILLION |

For Fee _____
Process _____
X  Dktd _____
CtRmDep _____
Doc.No. _____ I

UNITED STATES DISTRICT COURT EASTERN DISTRICT FOR THE STATE OF LOUISIANA

EMPLOYMENT DISCRIMINATION(S)

VIOLATION(S) OF THE:

CIVIL RIGHTS ACT OF 1964 TITLE VII

CIVIL RIGHTS ACT OF 1991 TITLE VII

EQUAL PAY ACT TITLE VII

PETITION FOR INJURIES DAMAGE(S) AND CLAIM(S) OF RELIEF(S)

FOR:

DISCRIMINATION(S) AND CIVIL RIGHTS VIOLATION(S) IN THE WORKPLACE

WRONGFUL TERMINATION AND OR DISCHARGE OF EMPLOYMENT  PROHIBITED BY DISCRIMIN-
ATORY PRACTICE(S) IN THE WORKPLACE

LOSS OF WAGE(S), FRINGE BENEFIT(S), RETIREMENT BENEFIT(S) PENSION AND 401 (K)

RETALIATION(S)  CONSPIRACY  TO DISCRIMINATE SLANDER LIBEL(S) AND MALFEASANCE(S)

NOW COMES DOUGLAS HAWTHORNE SR., THE PLAINTIFF PRO-SE AND IN FORMA PAUPERIS
( HERE-IN-AFTER REFERRED TO AS THE MOVANT ), A BLACK 49 YEAR OLD MALE EX-EMPLOYEE
WHOM PERFORMED A VARIETY OF JOB DUTIES, SERVICE(S) AND OR TRAINING OF HIS
EMPLOYER(S) EMPLOYEE(S) WITHIN THE REILY FOODS COMPANY ( HERE-IN-AFTER REFERRED
TO AS BLUE PLATE FOODS CO., ) FOR ELEVEN YEARS AND SEVEN MONTHS WITH AN UNBLEM-
ISHED JOB PERFORMANCE AND PERSONNEL RECORD(S), PRIOR-TO BEING WRONGFULLY,
ILLEGALLY AND UNLAWFULLY DISCHARGED AND TERMINATED PERMANENTLY BY THE AFORE-
CAPTIONED DEFENDANT(S) WITHOUT DUE PROCESS AND THROUGH DISCRIMINATORY ACT(S),
BEHAVIOR(S), CONDUCT(S), CONDITION(S), PRACTICE(S) AND TERM(S) OF AND IN THE
MOVANT'S WORKPLACE AND EMPLOYMENT ON MAY 08, 2000, BY THE MOVANT'S EMPLOYER(S)
EMPLOYED PERSONNEL, STAFF AND PERSONNEL MEMBER(S) AND THEIR EMPLOYEE(S) WHOSE
CONCERTED ACT(C), BEHAVIOR(S),CONDUCT(S),PRATICE(S),TERM(S) AND CONDITION(S)
DISCRIMINATORY NATURE(S) TO RETALIATE AGAINST THE MOVANT FOR:

#1). FILING A CHARGE VERBALLY TO JOE NEITZSCHMAN, BRYAN EDWARDS SUPERVISOR
   AGAINST BRYAN EDWARDS FOR SEXUAL DISCRIMINATION(S) IN THE WORKPLACE-
   STATION ( THE CAPPING DEPARTMENT  ) ON MAY 08, 2000, BY TREATING THE
   MOVANT UNFAIRLY, DIFFERENTLY AND NOT THE SAME AS THE ( 02 ) FEMALE EM-
   .PLOYEE(S) BETTY LOHMEYER AND LINDA CONSTANTINE ( THE LATER BRYAN
   EDWARDS WAS DATING ) IN THE ESTABLISHED PRACTICE(S) OF THE PARTICULAR
   PRIVILEDGE(S) OF BEING RELEIVED FOR A BREAK AND OR USE OF BLUE PLATE
   FOODS CO., FACILITIES TO USE THE BATHROOM.WHILE OPERATING THE MACHINE(S)
   IN THE CAPPING DEPARTMENT EVEN THOUGH THE  ( 02 FEMALE EMPLOYEE(S) ) AND
   THE ( 01 MALE EMPLOYEE ) ALL OF WHOM STOOD IN THE SAME RELATION TO THE

CAPPING DEPATMENT'S GRANTED PRIVILEDGE(S) TO BE RELIEVED ,BY BRYAN EDWARDS
THE CAPPING DEPARTMENT'S FLOOR / RELIEF / BREAKMAN TO USE THE COMPANY'S
RESTROOM FACILITIES, USE THE PAYPHONE AND OR SMOKE A CIGARETTE IN THE COM-
PANY'S BREAK / LUNCHROOM ( EVEN THOUGH THE MOVANT DOES NOT SMOKE ) PRIOR TO
BLUE PLATE FOODS CO., REGULAR / NORMAL PLANT BREAKTIME AT 8:45 A.M., ON
MAY 08, 2000.

# 2). PARTICIPATING IN AN INVESTIGATION
# 3). OPPOSING THE DISCRIMINATORY ACT(S), BEHAVIOR(S),CONDUCT(S), PRACTICE(S),
     CONDITION(S) AND TERM(S) WHILE WORKING AND BEING IN EMPLOYED IN THE
     MOVANT'S WORKPLACE AND WORKSTATION(S) ON MAY 08, 2000 BY HIS EMPLOYERS
     AND OR THE DEFENDANT(S)

ALL OF THE AFOREMENTIONED DISCRIMINATORY ACT(S) / PRACTICE(S) AT BLUE PLATE
FOODS CO, AND WITHIN THE REILY COMPANY INC.ON MAY 08,2000 AND OR THEIR
CORPERATE OFFICE(S) WERE AND ARE IN VIOLATION OF LAW(S) PROHIBITED BY THE:

# 1). CIVIL RIGHTS ACT OF 1964 TITLE VII
# 2). CIVIL RIGHTS ACT OF 1991 TITLE VII
# 3). EQUAL PAY ACT TITLE VII

THATTHEREBY THE MOVANT MOVES THE BENCH AND PRAYS,THE HONORABLE PRESIDING
JUDGE WILL GRANT THE FINANCIAL JUDGEMENT(S) OF LOSS WAGE(S), DISCRIMINATORY
PRACTICE(S),IN THE WORKPLACE, CIVIL RIGHTS VIOLATION(S), AND PUNITIVE DAMAGE(S
THE MOVANT ALSO PRAYS THAT THE HONORABLE PRESIDING JUDGE WILL GRANT THE JUDGE-
MENT(S) FOR RELIEF(S) AND OR REMEDIES TO THE MOVANT FOR EMPLOYMENTIDISCRIMIN-
ATION(S) PRACTICE(S) AND INTENTIONAL ACT(S) THAT HAD A DISCRIMINATORY EFFECT(S
ON THE MOVANT'S HIRED JOB STATUS AS A CLASS (B) PROCESSING MACHINE OPERATOR,
THE MOVANT'S POSITION(S) IN THE PROCESSING DEPARTMENT  AND THE MOVANT'S WAGE(S
OF $11.04 PER HOUR BY GRANTING / REINSTATING THE MOVANT'S BACK PAY, REHIRE,
PROMOTION(S), FRONT PAY, REASONABLE ACCOMODATION(S) AND ALL ACTION(S) THAT

WILL MAKE THE MVANT " WHOLE " ( IN THE CONDITION HE WOULD HAVE BEEN IN BUT,

FOR THE DISCRIMINATION(S) PERPETRATED AGAINST HIM BY HIS EMPLOYEE(S), THE  DEFENDANTS

THE MOVANT PRAYS, THE HONORABLE PRESIDING JUDGE WILL IMMEDIATELY ORDER THE

JUDGEMENT(S), AND RESTORATION(S) OF MOVANT'S EMPLOYMENT , EMPLOYMENT STATUS

AS A PROCESSING MACHINE OPERATOR IN THE PROCESSING DEPARTMENT , WAGE(S) IN

THE AMOUNT OF $11.04 PER HOUR PLUS RAISE(S) ( ANNUAL ), ALL RAISE(S) SICK DAYS

VACATION(S),  AND HOLIDAY(S) TIME, OVERTIME AND ALL FRINGE BENEFIT(S) SUS-

TAINED BY THE FOLLOWING GROUND(S), MERIT(S), ACT(S) OF LAW(S), AND REASONS,

GIVING RISE TO THIS PETITION FOR DAMAGE(S), INJURIES, AND CLAIM(S) OF RELIEF

ON BEHALF OF THE WRONGFULLY , ILLEGALLY, UNLAWFULLY, INTENTIONALLY VIOLATED

AND TERMINATED EX-EMPLOYEE OF BLUE PLATE FOODS THE MOVANT DOUGLAS HAWTHORNE SR

AS THERE IS NO JUST REASON WHY THE JUDGEMENT(S) SHOULD NOT BE ORDERED AND

GRANTED  TO BE IMMEDIATELY ENTERED INTO THE CLERK OF COURT RECORD(S).

#1). THE MOVANT FURTHER STATE(S) , AVER(S), AND CLAIM(S) THAT ON, BEFORE AND AFTER

MAY 8TH,2000 HIS EX-EMPLOYER(S) IN BLATANT, WANTOM, INTENTIONAL AND WILEFUL

AND TOTAL DISREGARD(S) TO THE PERSON, BODY, RIGHTS OF THE MOVANT AND OR THE

FAILURE, DENIAL, REFUSAL AND OR NEGLECT TO COMPLY WITH THE CIVIL RIGHTS ACT

OF 1964 OF THE TITLE VII,THE CIVIL RIGHTS ACT OF 1991 , EQUAL PAY ACT, AND

THE RULES AND REGULATION(S) OF THE OCCUPATIONAL SAFETY HEALTH ADMINISTRATION

WHICH ARE PROHIBITED FROM DISCRIMINATORY ACT(S), BEHAVIOR(S), PRACTICE(S),

CONDUCT(S), CONDITION(S) AND TERM(S) OF EMPLOYMENT, SEX HARRASSMENT(S),

RETAILAITION(S), HIRING(S) AND FIRING(S), COMPENSATION(S), ASSIGNMENT(S),OR

CLASSIFICATION(S) OF THE DEFENDANT(S) EMPLOYEE()S), TRANSFER, PROMOTION,

LAYOFF AND OR RECALL, JOB ADVERTISEMENT(S), RECRUITMENT(S), USE OF THE REILY

FOOD COMPANY INC., BLUE PLATE FOODS COMPANY FACILITIES, TRAINING ANDFRINGE

BENEFIT(S), PAY, RETIREMENT,PLANS, DISABILITY LEAVE(S) BECAUSE OF THE MOVANTS

SEX THAT BEING A MALE AND NOT A FEMALE EMPLOYEE FOR BLUE PLATE FOODS.CO.
HE THE MOVANT WAS THEN AND THERE  ON MAY 08, 2000 DISCRIMINATELY FIRED FROM HIS JOB.

#2). THE MOVANT ALSO STATE(S), CLAIM(S) AND AVER(S) THAT BECAUSE OF THE UNLAWFUL, ILLEGAL, WRONGFUL, INTENTIONAL, CONCERTED DISCRIMINATORY WORKPLACE EMPLOYMENT ACT(S), BEHAVIOR(S), CONDUCT(S) AND PRACTICE(S) AND OR RETAILIATION(S) ON MAY 08,2000, PERPETRATED BY THE DEFENDANT(S):

#1). BRYAN EDWARDS

#2). JIM LASHY

#3). STEVEN HIMEL

#4). TYRONE WHITE

#5). JOE NEITZSCHMAN

#6). MERRICK MOORE

#7). THE REILY FOODS COMPANY INC.,

IN VIOLATION(S) OF THE CIVIL RIGHTS ACT OF 1964 ( TITLE VII ), THE CIVIL RIGHT ACT OF 1991 AND THE EQUAL PAY ACT OF THE CIVIL RIGHTS ACT ( TITLE VII ) RENDER THE AFOREMENTIONED DEFENDAT(S) JOINDER OF PARTIES.

#3). THE MOVANT FURTHER STATE,CLAIM AND AVER THAT BY VACARIOUS LIABILTY THE RESPON-DEAT SUPERIOR " THE REILY FOODS COMPANY INC.," ARE RESPONSIBLE FOR THEIR EMPLO YER(S), EMPLOYEE(S),STAFF AND PERSONNEL WHILE WORKING AND PERFORMING DUTIES FOR THE REILY FOODS COMPANY INC., ON MAY 08,2000, WITHIN THE SCOPE, PERIMETER AND BOUND(S) OF THEIR EMPLOYMENT(S), JOB(S) AND OR DUTIES, IN THEIR WORKPLACE AT BLUE PLATE FOODS CO.

#4). THE MOVANT FURTHER STATE(S),CLAIM(S) AND AVER(S) THAT ON MAY 08,2000, HE BECAME A VICTIM AND TARGET OF ILLEGAL AND UNLAWFUL WORKPLACE DISCRIMINATION(S) BECAUSE OF HIS SEX AS A MALE EMPLOYEE AND NOT THAT AS OF A FEMALE EMPLOYEE FOR THE REILY FOODS COMPANY INC.,WHOM WERE TREATED DIFFERENTLY AND NOT SIMIRALY AND CHANGED THE WORKING CONDITION(S) FOR THE MOVANT.

#/5), THE MOVANT FURTHER STATE(S),CLAIM(S) AND AVER(S) THAT ON MAY 08, 2000, WHILE
WORKING IN THE EMPLOYMENT FOR THE REILY FOODS CO.,INC., AND PERFORMING HIS RE-
GULAR NORMAL JOB DUTIES WITHIN THE SCOPE, PERIMETER(S) AND BOUND(S) OF HIS
HIRED CLASSIFIED STATUS OF A PROCESSOR MACHINE OPERATOR,WORKSTATION AND POSI-
TIONED IN THE PROCESSING DEPARTMENT AT HIS REGULAR HOURLY WAGE(S) OF $ 11.04
PER HOUR FIFTEEN MINUTE(S) INTO THE MOVANT'S REGULAR SHIFT APPROXIAMATELY
6:15 A.M., ( 01 ) HOUR AND FIFTEEN MINUTE(S) AFTER ARRIVING AT 5:00 A.M., FOR
THE MOVANT'S REGULAR NORMAL OVERTIME JOB DUTIES FOR ( 01 ) HOUR AT THE HOURLY
WAGE OF $ 16.56 PER HOUR AT THE SAME MACHINE(S) IN THE SAME PROCESSING DEPART-
MENT HE BECAME A TARGET AND VICTIM OF THE FOLLOWING ILLEGAL DISCRIMINATORY
PRACTICE(S) PROHIBITED BY THE CIVIL RIGHTS ACT OF 1964 ( TITLE VII ) AND OR THE
EQUAL PAY ACT BY HIS SUPERVISOR MERRICK MOORE:
COMPENSATION, ASSIGNMENT(S), CLASSIFICATION(S) OF EMPLOYEE(S) SPECIFICALLY THE
MOVANT.

RECRUITMENT

TRANSFER OF POSITION, CLASSIFICATION AND DEPARTMENT AND OR WAGE(S).

FRINGE BENEFIT(S)

USE OF COMPANY FACILITIES

PAY

#6), THE MOVANT FURTHER STATE(S),CLAIM(S) AND AVER(S) THAT THE AFOREMENTIONED DISC-
RIMINATORY PRACTICE(S) CAUSED WORKPLACE CONDITION(S) THAT CREATED A HOSTILE
ENVIROMENT (S) FROM AN ESTABLISHED PATTERN OF SEVERE AND PERVASIVE ABUSE TO
THE MOVANT BECAUSE OF HIS SEX AS AN MALE EMPLOYEE AND NOT THAT AS OF AN FE-
MALE EMPLOYEE FOR BLUE PLATE FOODS CO., WHOM ARE TREATED DIFFERENTLY AND NOT
SIMARILY EVEN THOUGH THE MOVANT PERFORMED WORK OF SIMILAAR SKILL(S),EFFORT(S),

AND RESPONSIBILITIES FOR THE SAME EMPLOYER THE REILY FOODS CO.,INC., UNDER

SIMILAR WORKING CONDITIONS AND OR:

#7). THE MOVANT AN EMPLOYEE WITHIN THE REILY FOODS CO.,INC., FOR ELEVEN YEARS AND

SEVEN MONTHS ON MAY 08, 2000, WITHOUT A BLEMISH ON HIS JOB(S) PERFORMANCE(S)

TRAINING(S) OF REGULAR EMPLOYEE (S) WHILE IN THE STATUS OF AN TEMPORARY EMPLO-

YEE BEING RECRUITED FROM A TEMPORARY JOB SERVICE FOR ( 2½ YEARS ) WITHOUT PAY

AND OR PROMOTION(S) AND OR JOB BID(S) FOR THE POSITION(S) HE TRAINED REGULAR

EMPLOYEE(S) FOR MANY WHOM WERE RECRUITED AFTER THE MOVANT BUT HIRED FIRST

AFTER THE MOVANT TRAINED THEM FOR THEIR POSITION(S) THE FOLLOWING WERE TRAINEE

OF THE MOVANT BUT, NOT LIMITED TO JUST THEM:

BRYAN EDWARDS — CASE PACKING MACHINE   AND  CAPPING MACHINE(S) IN THE CAPPING

DEPARTMENT

THE MOVANT ALSO AVER(S) THAT MR. EDWARDS WAS GIVEN THE POSITION OF RELEIF-

BREAK AND FLOORMAN A POSITION THAT WAS NOT ADVERTISED FOR BIDDING ON OVER THE

MOVANT WHOM HAD BEEN IN THE FULL AND REGULAR EMPLOYMENT OF WM.B. REILY FOODS CO.

FOR ( 03) YEARS PRIOR TO BRYAN EDWARDS BEING RECRUITED FOR WORK AT BLUE PLATE

FOODS CO, ON A TEMPORARY BASIS AND OR STATUS FROM AN OUTSIDE TEMPORARY JOB

SERVICE AND BEING TRAINED FOR (01) MONTH ON THE MACHINE(S) IN THE CAPPING DEPT

BY THE MOVANT ON HIS REGULARLY HOURLY WAGE(S) OF APPRO. $ 8.45 PER HOUR THAT

IN WHICH HIS JOB CLASSIFICATION FOR HIRE PAID AT THE TIMEFOR THE POSITION OF

A CLASS " B " OPERATOR , While Bryan Edwards was a Class "C" Operator

a class lower than that of the movant,

#8). THE MOVANT FURTHER STATE(S),CLAIM(S) AND AVER(S) THAT THE CLASSIFICATION(S)

TABLE(S) THAT HIS EMPOYER(S),THE DEFENDANT(S) AND OR THE REILY FOODS CO.,INC.,

IMPLEMENTED WAS AN DISCRIMINATORY JOB HIRING,STATUS AND PAY WAGE PRACTICE IN

THEIR WORKPLACE OF EMPLOYMENT WHICH PROCESSED THE HIRING(S) OF EMPLOYEE(S) OF

TEMPORARY WORKPLACE STATUS INTO FULL-TIME PERMANENT EMPLOYEE(S) BY CLASSES OF

(A), (B) AND (C) ( WITH THE HIGHER  " A " CLASSIFICATION(S),TABLE(S) OF
PAYSCALE(S) AND WAGE(S) LATER BEING PARTIALLY ABOLISHED OR ELIMINATED EX-
EMPTING THE PRIOR PRE-EXISTING CLASS (A) MACHINE OPERATOR(S)-EMPLOYEE(S) FROM
LOSING THEIR STATUS(ES) IN THE CLASSIFICATION TABLE(S) OF "A" AND THE WAGE(S)
AND BENEFIT(S) THEY SHARE ACCORDINGLY,  WHILE ALL OTHER EMPLOKEE(S) WHOM PRE-
FORM(S) THE SAME WORK OF SKILL(S), EFFORT(S) AND RESPONSIBILITIES UNDER THE
SIMILAR WORKING CONDITION(S) FOR THE SAME EMPLOYER CANNOT ACHIEVEAA CLASSIFICA
TION STATUS HIGHER THAN A ( B ) CLASS AND OR PAYSCALE WAGE(S)ABCCORDING TO THE
JOB WINDOW(S) OF AN ( B ) CLASS EMPLOYEE FOR THE REILY FOODS CO.,INC, ).

#9), THE MOVANT FURTHER STATE AND CLAIM THAT ON MAY 08, 2000, AT AROUND 6:15 A.M.,
HE WAS ILLEGALLY THROUGH DISCRIMINATORY PRACTICE(S) REMOVED BY HIS SUPERVISOR
MERRICK MOORE FROM HIS REGULAR NORMAL WORK DUTIES, POSITION, JOB PERFORMANCE(S)
AND WORKSTATION IN WHICH HE BIDDED ON AND WAS AWARDED FOR HIRE AS A PROCESSOR
MACHINE OPERATOR CLASS ( B ) IN THE PROCESSING DEPARTMENT AT THE HOURLY WAGES
OF $ 11.04 PER HOUR FROMOUT OF THE CAPPING DEPARTMENT AS A CLASS ( B ) OPER-
ATOR PERFORMING JOB DUTIES  ON THE FILLING, CASE PACKING, AND CAPPING MAC-
HINE(S), AT THE HOURLY RATE OF $ 8.45, FOR ABOUT FOUR TO FIVE YEAR(S). AND
HIS SUPERVISOR MERRICK MOORE DID THEN AND THERE TRANSFER THE MALE MOVANT BACK
INTO THE CAPPING DEPARTMENT TO WORK WITH LINDA CONSTANTINE & BETTY LOHMEYER.
THE MOVANT FURTHER STATE(S) THAT HE WAS ILLEGALLY REMOVED AND OR TRANSFERRED
FROM HIS REGULAR NORMAL CLASS (B) PROCESSOR MACHINE OPERATOR DUTIES BY MERRICK MOORE
THE MOVANT'S SUPERVISOR IN THE PROCESSING DEPARTMENT AND REPLACED BACK INTO
THE CAPPING DEPARTMENT AS A SUBSTITUTE FOR THE RECRUITED POOL OF TEMPORARY
HIRED EMPLOYEE(S) FROM OUTSIDE JOB SERVICE OFFICE(S) BECAUSE THE DEFENDANT(S)
FAILED, OMMITTED, NEGLECTED AND REFUSED TO ADEQUATELY , MONITOR, SUPERVISE,ORDER THE
CORRECT AMOUNT OF TEMPORARY STAFFING(S) FOR IT'S WORKSTATION(S) PRIOR TO THE START OF THEY'RE
REGULAR PLANT WORKSHIFT AT 6:00 A.M., AT BLUE PLATE FOODS CO., ON MAY 08, 2000
EVEN THOUGH THE MOVANT A PERMANENT FULL-TIME EMPLOYEE ( MALE ) STARTED HIS
REGULAR NORMAL SHIFT IN HIS REGULAR NORMAL DEPARTMENT ON TIME AT 5:00 A.M..

#10), THE MOVANT ALSO STATES ,CLAIM(S) AND AVER(S) THAT ON MAY 08, 2000, AT BLUE
PLATE FOODS CO., HIS SUPERVISOR MERRICK MOORE'S DISCRIMINATORY PRACTICE(S)
AGAINST THE MOVANT INCLUDED:

#1). PASSING OVER A FEMALE EMPLOYEE ( SUSIE MARSHALL ) A LABEL MACHINE OPERATOR
IN THE SALAD DEPARTMENT   ( A DEPARTMENT WITHIN THE PROCESSING DEPARTMENT)
WHOM JOB DUTIES WERE SIMILAR TO THE LABEL AND CAPPING MACHINE(S) IN THE
CAPPING DEPARTMENT WHICH BETTY LOHMEYER AND LINDA CONSTANTINE WERE SHORT
OF STAFF, EVEN THOUGH SUSIE MARSHALL STARTED HER REGULAR SHIFT IN THE
SALAD DRESSING  / PROCESSING DEPARTMENT UPON ARRIVINGABUT HER WORKSTATION
( 01 ) HOUR AFTER THE MALE MOVANT  ARRIVED AT HIS WORKSTATION IN THE
MAYONAISE / PROCESSING DEPARTMENT  HAD CLEANED THE MACHINE(S) AND VAT(S)
MIXED, PREPARED AND STARTED THE MAJOR PROCESSING OF MAYONAISE TO BE RAN
THROUGH THE PROPER LINE(S) IN THE PLANT AT BLUE PLATE FOODS CO., PRIOR TTO
REACHING THE CAPPING DEPARTMENT TO BE LABELED, CAPPED, SEALEB AND CASED FOR
SHIPPING FOR THE EMPLOYEE(S) OF THE PLANT'S REGULAR 6:00 A.M., SHIFT.

#2). ILLEGAL JOB RESTRUCTERING AND OR MODIFICATION(S)O F THE MOVANT'S JOB WAGES,
STATUS(ES), CLASSIFICATION(S), POSITION(S), PERFORMANCE(S) AND OR DUTIES
AND OR THE MOVANT'S JOB FUNCTION(S) AS A MAYONAISE MACHINE PROCESSOR
OPERATOR, IN THE PROCESSING ( MAYONAISE ) DEPARTMENT, AFTER BIDDING OUT
OF THE CAPPING DEPARTMENT AND STATUS AS A CLASS (B) CAPPING
MACHINE OPERATOR AT THE PAY RATE OF $8.45 PER HR., TO THE MAYONAISE
PROCESSING DEPARTMENT AS A MAYONAISE MACHINE OPERATOR PAID $11.06 PER HR.

#3). PAYING BETTY LOHMEYER A FEMALE EMPLOYEE EMPLOYED BY THE SAME EMPLOYER(S)
IN THE SAME WORKPLACE AT THE SAME WORKSTATION IN THE CAPPING DEPARTMENT
WHOM WORKED ON THE SAME MACHINE(S) BEFORE AND AFTER THE MALE MOVANT
EMPLOYEE OPERATED THEM HIGHER HOURLY WAGE(S) TO PERFORM WORK OF SIMILAR
SKILL, EFFORT, AND RESPONSIBILITIES FOR THE SAME EMPLOYER BLUE PLATE
FOODS CO., UNDER SIMILAR WORKING CONDITION(S) BECAUSE THE MOVANT IS A MALE.

#4). WORKPLACE CONDITION(S) THAT CREATED A HOSTILE ENVIROMENT AGAINST THE MOVANT.

#5). ILLEGALLY TRANSFERRING, MOVING AND REPLACING THE MOVANT BACK INTO THE CAPPING DEPARTMENT, AND SAME MACHINE(S) WITH THE SAME FEMALE(S) IN WHICH THE MOVANT WAS A TARGET AND VICTIM OF PRIOR DISCRIMINATORY ACT(S) PRACTICE(S) AND TERM(S) AND CONDITION(S) OF EMPLOYMENT(S), COMPENSATION(S ASSIGNMENT(S),CLASSIFICATION(S) OF EMPLOYEE(S),TRANSFER(S),PROMOTION(S), JOB ADVERTISEMENT(S),RECRUITMENT(S),TRAINING PROGRAM(S),FRINGE BENEFIT(S) PAY,RETIREMENT PLAN(S),DISABILITY LEAVE(S) AND HIRING(S) PRIOR TO THE MOVANT BIDDING FOR AND BEING AWARDED HIS POSITION AS A MACHINE PROCESSOR OPERATOR  IN THE MAYONAISE PROCESSING DEPARTMENT

#11), THE MOVANT FURTHER STATEAND CLAIM AND AVER(S) THAT ON MAY 08,2000, AT BLUE PLATE FOODS CO., HE BECAME A VICTIM AND TARGET OF DISCRIMINATORY PRACTICE(S) AND ACT(S) PERPETRATED BY BRYAN EDWARDS AND WAS RETALIATED AGAINST BY EDWARDS AFTER VERBALLY COMPLAINING AND OPPOSING EDWARDS SEXUAL DISCRIMINATORY PRACTICE IN HIS WORKPLACE / WORKSTATION BECAUSE OF HIS SEX AS A MALE EMPLOYEE FOR HIS—THEIR EMPLOYER AND NOT THAT AS A FEMALE SUCH AS BETTY LOHMEYER AND OR LINDA CONSTANTINE A FEMALE EMPLOYEE FOR THE SAME EMPLOYER AS THE MALE EMPLOYEE MOVAN BUT, FOR THE MALFEASANCE(S) OF JOE NEITZSCHMAN THE CAPPING DEPARTMENT SUPERVISOR WHOM FAILED, REFUSED, DENIED, OMITTEDAND OR NEGLECTED TO ALLOW THE MOVANT A WRITTEN FORMAL COMPLAINT TO BE PLACED WITH THE COMPANY AND INTO THE PERSONNEL RECORD(S) OF THE DEFENDANT EDWARDS, AND OR WRITTEN BRYAN EDWARDS UP, ADVISED BRYAN EDWARDS UNDER THE CIVIL RIGHTS ACT(S) OF 1964, 1991 AND THE RIGHT FOR THE MOVANT TO BE FREE FROM ANY RETALIATION(S) FROM MR.EDWARDS BECAUSE THE MOVA NT FILED  A VERBAL CHARGE OF SEX DISCRIMINATORY PRACTICE(S) CHARGE AGAINST HIM AND BECAUSE THE MOVANT OPPOSED BRYAN EDWARDS DISCRIMINATORY PRACTICE(S) AND HARRASSMENT(S)

page (10)

#12), THE MOVANT ALSO STATES AND CLAIMS THAT HIS EMPLOYER(S) / THE DEFENDANT(S) ON
MAY 08, 2000, WERE OBLIGATED TO HIS PROTECTION AND SAFETY AND WHILE WORKING IN
THE WORKPLACE OF HIS EMPLOYER (S), WHOM OWED THE DEFENDANT A DUE STANDARD OF CA
RE FROM DISCRIMINATORY ACT(S),BEHAVIOR(S),CONDUCT(S),CONDITION(S) AND TERM(S)
FOR EMPLOYMENT AND PRACTICE(S) AND OR WRONGFUL TERMINATION OF THE MOVANT'S
EMPLOYMENT WITHIN THE REILY FOODS CO.,INC..

#13), THE MOVANT FURTHER STATE AND CLAIM THAT BECAUSE THE DEFENDANT(S) HIS EMPLOYERS
FAILED,REFUSED,OMITTED,DENIED AND OR NEGLECTED TO USE A REASONABLE DUE STANDAR
OF CARE IN PROTECTING THE CIVIL RIGHTS,BODY AND PERSON OF THE MOVANT ON MAY 08
2000, AFTER FILING A VERBAL SEX DISCRIMINATION CHARGE TO HIS SUPERVISOR AGAINS
BRYAN EDWARDS THE MOVANT DID THEN AND THERE BECOME A VICTIM AND TARGET OF A
VICIOUS, INJURIOUS BY BOXCUTTER RETALIATION BY BRYAN EDWARDS WHOM SET OUT IN
FRONT OF HIS EMPLOYER(S) TO INTENTIONALLY HARM AND ATTEMPT TO MURDER THE MO-
VANT AT BLUE PLATE FOODS CO., WITH THE COMPANY'S BOXCUTTER DURING BRYAN EDWARD
AND THE MOVANT'S REGULAR 8:45 A.M.,PLANT'S BREAKTIME WHILE ON THE PREMISES
OF HIS EMPLOYER AT 1315 SOUTH JEFF DAVIS PARKWAY N.O.L.A, MR. EDWARDS REACHED
OVER A SUPERVISOR'S SHOULDER AND CUT THE MOVANT WITH THE REILY FOODS CO.,
BOXCUTTER FOUR TIMES IN FOUR DIFFERENT PARTS OF THE MOVANT'S BODY AND PERSON,
WHILE SHOUTING AND EXCLAIMING THAT HE WAS GOING TO KILL THE MOVANT.

#14), THE MOVANT FURTHER STATE AND CLAIMS THAT ON MAY 08, 2000, AT 8:45 A.M.- 9:00 A.M..
THERE WAS NO JOB PERFORMANCE(S), DUTIES AND OR FUNCTION(S) BEING ATTENDED TO
AND OR MAINTAINED  BY BRYAN EDWARDS WHICH CALLED FOR THE BOXE COMPANY'S
( BLUE PLATE FOODS )  USE OF THE COMPANY'S BOXCUTTER AT AND OR DURING THIS
FIFTEEN MINUTE(S) BREAKTIME PERIOD IN WHICH MR. EDWARDS WAS ADMANT ABOUT
KEEPING INHIS POSSESSION WHILE LEAVING BLUE PLATE PLANT PREMISES TO GO ON
BREAK,  AND OR WHILE BRYAN EDWARDS WAS CUTTING THE MOVANT WITH THE BOXCUTTER.
WHILE ON THE REILY FOODS COMPANY INC.'S PREMISES.

page (11)

#15). THE MOVANT FURTHER STATES, CLAIMS, AND AVERS THAT ON MAY 08, 2000, WHILE BEING

IN THE EMPLOYMENT OF REILY FOODS CO.,HIS SUPERVISOR AND OR THE PLANT MANAGER

TYRONE WHITE WHOM OWED THE MOVANT A DUE STANDARD OF CARE IN THE PROCESSING,

INVESTIGATING, FILING AND MONITORING THE DISCRIMINATORY ACTS() PRACTICES, COND

UCTS, BEHAVIORS, TERMS AND CONDITIONS TOM USE THE COMPANY'S RESTROOM FACILITIE

AND BEING GRANTED THE SAME PRIVILEDGES AS THE FEMALE EMPLOYEES IN THE CAPPING

DEPARTMENT BETTY LOHMEYER AND (LINDA CONSTANTINE WHOM WAS DATING BRYAN EDWARDS )

BECAUSE HE WAS AM MALE AND NOT A FEMALE EMPLOYEE FOR BLUE PLATE FOODS CO., WRONGFULLY

ILLEGALLY , UNLAWFULLY AND DISCRIMINATELY PERMANTELY

DISCHARGED AND TERMINATED THE MOVANT.

THE MOVANT FURTHER AVERS THAT AFTER HE BECAME A VICTIM AND TARGET OF A PHYSICA

RETALIATION BY BRYAN EDWARDS ON MAY 08, 2000, AT BLUE PLATE AND WAS CUT IN (4)

DIFFERENT PLACES ON HIS BODY AND PERSON BECAUSE THE MOVANT OPPOSED AND COMPLAI

NED TO HIS SUPERVISOR JOE NEITZSCHMAN  ABOUT HIS EMPLOYEE'S DISCRIMINATORY

WORKPLACE PRACTICES  AGAINST THE MOVANT  HIS EMPLOYERS AND OR THE DEFENDANTS

TYRONE WHITE, MERRICK MOORE, JOE NEITZSCHMAN DID THEN AND THERE IN WANTOM,

BLATANT, INTENTIONALLY , ILLEGALLY, UNLAWFULLY WITH RECKLESS INIFFERENCE AND

DISREGARDS TO THE MOVANT'S EMPLOYMENT,PROTECTED SAFETY AND CIVIL RIGHTS PRO-

TECTION(S) OF THE CIVIL RIGHTS ACT(S) OF 1964, 1991 AND THE EQUAL PAY ACT

UNLAWFULLY AND ILLEGALLY DISHARGE AND PERMANANTLY TERMINATE THE MOVANT FROM

HIS PLACE OF EMPLOYMENT WITH BLUE PLATE FOODS CO., FOR A PERIOD OF 11YRS. AND

7 MON., WITHOUT AWRITE-UP OR BLEMISH IN HIS PERSONNEL RECORDS PRIOR TO BEING

DISCRIMINATED AGAINST AND CUT  BY MR.EDWARDS. EVEN THOUGH HIS SUPERVISORS

KNEW AND OR WERE WITH KNOWLEDGE THAT BRYAN EDWARDS BEHAVIOR(S) WERE CONTRARY

TO THE AFOREMENTIONED LAWS AND MORE PARTICULARLY TENDED TO DISTURB THE PEACE

AND DECORUM OF THE MOVANT AND SCANDALIZE THE MOVANT AND TO SHOCK THE PRIVATE

SENSE OF THE MOVANT AND OR RIGHTS, MORALITIES, PEACE AND SAFETY OF THE MOVANT

ON MAY 08, 2000, WHILE WORKING IN THE SCOPE,PERIMETERS AND BOUNDS OF HIS

DUTIES AND OR ASSIGNMENT(S).

# 16.

THE MOVANT FURTHER STATES, CLAIMS AND AVERS THAT ON MAY 08, 2000, AT BLUE
PLATE FOODS CO., HE WAS A VICTIM AND TARGET OF DISCRIMINATORY PRACTICE(S)
PERPETUATED BY HIS EMPLOYER(S) AND OR THE DEFENDANT(S) WITH MALICE INDIFF-
ERENCE RECKLESSLY PLACED AGAINST THE MOVANT IN TERMS AND CONDITION(S) OF
HIRING(S) AND FIRING(S), LAY-OFF(S) AND RECALL(S), COMPENSATION(S), ASSIGN-
MENT(S), TRANSFER(S), PROMOTION(S), JOB ADVERTISEMENT(S), RECRUITMENT(S),
USE OF THE COMPANY'S FACILITIES, TRAINING PROGRAM(S), FRINGE BENEFIT(S), DIS-
ABILITY LEAVE(S), RETIREMENT RX PLAN(S) AND EQUAL PAY WHEN THE DEFENDANT(S)
TREATED THE MOVANT A MALE EMPLOYEE FOR THE REILY FOODS CO., UNFAIRLY, DIFF-
ERENTLY AND NOT SIMILARILY AS THE FEMALE EMPLOYEE RACQUEL STERLING WHOM
WITH LESS EMPLOYMENT HIRE TIME THAN THAT OF THE MOVANT A MALE EMPLOYEE AND
PERFORMED WORK OF SIMILAR SKILL(S), EFFORT(S) AND RESPONSIBILITIES FOR THE
SAME EMPLOYER(S) UNDER SIMILAR WORKING CONDITION(S) AND TERM(S) FOR BEING
IN THE EMPLOYMENT OF THE REILY COMPANY INC., AND THAT RACQUEL STERLING
A FEMALE EMPLOYEE WITH LESS EMPLOYMENT HIRE TIME THAN THE MOVANT DID THEN
AND THERE ON THE PREMISES OF BLUE PLATE FOODS CO., FIGHT ANOTHER FEMALE
EMPLOYEE TEMP ( YOLANDA ) , SUMMONED INTO THE COMPANY OFFICE THROUGH DUE
PROCESS WAS GIVEN A FORMAL CONFERENCE WITH THE DEFENDANT(S) ( EMPLOYERS),
WRITTEN-UP, GIVEN A VERBAL WARNING A LAID OFF FOR ( 03 DAYS ) WITHOUT PAY
THEN THE FEMALE EMPLOYEE WHOM FOUGHT EVEN USING THE COMPANY'S NAPKIN HOLDER
( METAL ) AS A WEAPON AGAINST THE OTHER FEMALE TEMP ( YOLANDA ) WAS RECALLED
AND REINSTATED " WHOLE " EMPLOYEE STATUS(ES), PAY(S) AND WAGE(S), FRINGE
BENEFIT(S), RETIREMENT BENEFIT(S), PENSION(S), PROMOTION(S), 401(K) HEALTH
PLAN(S), JOB ADVERTISEMENT(S), RECRUITMENT(S), TRANSFER(S), DISABILITY LEAVES,
COMPENSATION(S), ASSIGNMENT(S) AND OR CLASSIFICATION(S) OF EMPLOYEE(S) AND
USE OF THE REILY FOODS CO., FACILITIES, WHEREAS, THE MOVANT WHOM EQUIVO
DENIES TAHT HE TOUCHED, BATTERED AND OR HAD A FIGHT WITH BRYAN EDWARDS
EXCEPT TO REMOVE BRYAN EDWARDS FINGER OUT OF AND FROM AROUND THE FACIAL
AREA OF THE MOVANT TO PREVENT AN INJURY, LIKEWISE AS WELL THE MOVANT IN
PROTECTION AND DEFENSE OF HIS BODY AND PERSON TRIED TO PREVENT MORE CUTS TO HIS BODY,

#(7), THE MOVANT FURTHER AVER(S) THAT RACQUEL STERLING AFTER BEING LAID -OFF FOR
(03) DAYS WITHOUT PAY WAS RESTORED " WHOLE AS AN EMPLOYEE " WITHIN THE REILY
FOODS CO.,INC. AFTER PHYSICALLY ENGAGING IN A FIGHT ON THE PREMISES WITH AN
OTHER FEMALE TEMP EMPLOYEE YOLANDA ( WHOM WAS FIRED ) ,EVEN THOUGH THE DEFENDA
NT(S) SPECIALLY CLAIM(S) THAT THE COMPANY HAS AN ZERO TOLERANCE RULE ABOUT
FIGHTING ON THE COMPANY PREMISES BY THEIR EMPLOYEE(S).

#(8), THE MOVANT ALSO STATES AND AVERS THAT THE FEMALE EMPLOYEE(S) WERE FIGHTING OVE
THE MOVANT AND OTHER EMPLOYEE(S) SITTING AND EATING THEIR LUNCH DURING BREAKTI
IN THE BREAKROOM / CAFETERIA AND PLACED THEIR HEALTH(S) IN JEOPARDY WHEN ATTEM
PTING TO USE THE METAL NAPKIN HOLDER ON THE LUNCHROOM TABLE AS A WEAPON TO
HIT AND THROW WITH.

#(9), THE MOVANT FURHTER STATES AND AVER(S) THAT PRIOR TO MAY 08, 2000, AND HIS
WRONGFUL,ILLEGAL,UNLAWFUL,INTENTIONAL,MALICIOUS AND DISRRIMINATORY PERMA-
NENT DISCHARGE AND OR TERMINATION FROM HIS JOB WITH HIS EMPLOYER(S) FOR
11 YEARS AND 07 MONTHS WITHOUT A WRITE-UP AND OR BLEMISH IN HIS WORK RECORD(S)
AND OR BEING TREATED DIFFERENTLY, UNEQUALLY, UNFAIRLY AND NOT SIMILAR TO THE
FEMALE EMPLOYEE RACQUEL STERLING  WHOM ACTUALLY DID FIGHT  PRIOR TO THE MALE
MOVANT EMPLOYEE ON MAY 08, 2000, HAD BEEN REINSTATED BACK TO HER " WHOLE
RESTORED " EMPLOYMENT POSITION(S) BENEFIT(S) AND WAGE(S) FOR AT LEAST ( 01½ )
YEARS  AND WAS WORKING IN THE AFOREMENTIONED STATUS(ES) AT THE SAME TIME
THAT THE MOVANT AN MALE EMPLOYEE DOUGLAS HAWTHORNE SR., WAS DENIED,REFUSED,
OMITTED, NEGLECTED AND FAILED TO BE RENDER EN BY THE DEFENDANT(S) THE SAME DUE PROCESS
(ES), EQUAL PAY(S),RESTORATION(S) AS AN WHOLE EMPLOYEE RELATIVE BUT NOT LIMITED
TO  REINSTAEMENT OF THE SAME WORKING PRIVILEDGES AND WAGE(S) AND CONDITION(S)
AND TERM(S) TO BE LAID -OFF,SUSPENDED OR REPRIMANED WITHOUT PAY FOR FIGHTING
( 03 ) DAYS  AND TO RETURN AND CONTINUE IN THE EMPLOYMENT OF THEIR THE SAME
EMPLOYER THE REILY FOODS CO.,INC., JUST LIKE RACQUEL STERLING WHO IS STILL THERE.

#20). THE MOVANT FURTHER STATES, CLAIMS AND AVERS THAT AFTER BEING ATTACKED AND CUT

BY BRYAN EDWARDS ON THE PREMISES OF BLUE PLATE FOODS CO, INC., WITH THE REILY

FOODS CO, INC., BOXCUTTER IN ( 04 ) DIFFERENT PARTS OF HIS BODY SHOULDER, CHEST

WRIST AND HAND IN FRONT OF HIS SUPERVISOR ( THE ONLY SUPERVISOR PRESENT WHILE

BRYAN EDWARDS WAS ATTACKING THE MOVANT WITH THE COMPANY BOXCUUTTER DURING

BREAKTIME ) MERRICK MOORE WHOM WAS WITH KNOWLEDGE THAT MR. EDWARDS WAS INTENTIO

NALLY TRYING TO " KILL " THE MOVANT BY EXCLAIMING HE WOULD THE ENTIRE TIME HE BRYAN
WAS CUTTING THE MOVANT MERRICK MOORE
EDWARDS∧ FAILED, REFUSED, NEGLECTED, OMITTED AND DENIED

THE MOVANT THE PROTECTION AND SAFETY OF THE POLICE !

#1). E. M. T. SERVICES

#2). MEDICAL ATTENTION AND TREATMENTS

#3). AND TO FILE A POLICE REPORT AT THE CRIMESCENE.

#4). AND TO FILE A WRITTEN COMPLAINT AGAINST MR. EDWARDS FOR RETALI-
ATION AFTER FILING A VERBAL CHARGE

THE MOVANT FURTHER STATE AND CLAIM(S) THAT THE

AFORECAPTIONED DEFENDANTS DID THEN AND THERE BY AND

THROUGH THEIR DISCRIMINATIVE ACT (S), BEHAVIOR(S), CONDUCT(S)

PRACTICE(S), TERMS AND CONDITION(S) OF EMPLOYMENT IN

THEIR WORKPLACE AT BLUE PLATE FOODS CO., AND OR BY

THEIR DISCRIMINATIVE CONCERTED ACT(S) DID CONSPIRE TO !

#1). SLANDER

#2). LIBEL

#3). INTERFER WITH THE MOVANTS EMPLOYMENT, WAGES & BENEFITS

#4). INTERFER WITH THE MOVANT'S UNEMPLOYMENT, RETIREMENT,
WORKMANS COMP BENEFITS

#5). TO BE AN ACCESSORY-TO-THE FACT(S) AND ALLY FOR BRYAN
EDWARDS

#6). REFUSE, NEGLECT, FAIL, OMIT TO NOTIFY THE POLICE THAT A FELONIOUS
CRIME HAD BEEN COMMITTED, THE VICTIM WAS CUT, AND BYRAN WAS ALLOWED TO LEAVE

#21), THE MOVANT FURTHER STATES, AVERS AND CLAIMS THAT

HIS EMPLOYER(S) AND OR THE DEFENDANT(S) BY THEIR

UNLAWFUL, ILLEGAL, DISCRIMINATORY ACT(S), BEHAVIOR(S)

CONDUCT(S), PRACTICES, TERMS AND CONDITIONS FOR

EMPLOYMENT DID THEN AND THERE RETALIATE AGAINST

HIM FOR PARTICIPATING IN AN INVESTIGATION, OPPOSING

THEIR DISCRIMINATORY PRACTICES, AND FILING A VERBAL

CHARGE AGAINST THEIR EMPLOYEE FLOOR MAN BRYAN EDWARDS

AFTER THE MOVANT LEFT THE PLANT, WENT TO THE HOSPITAL,

NOTIFIED THE NEW ORLEANS POLICE DEPARTMENT, WHOM IN

TURN WENT TO THE PLANT (BLUE PLATE FOODS CO.) TO IN-

VESTIGATE AND FILE A POLICE REPORT AND ISSUE AN

ARREST WARRANT FOR BRYAN EDWARDS WHOM USED THE DE-

FENDANT(S) BOXCUTTER AS A WEAPON TO CUT THE MOVANT WITH,

AFTER THE POLICE LEFT BLUE PLATE FOODS CO, AND THE

MOVANT CALLED THE PLANT AFTER LEAVING THE HOSPITAL

BEING TREATED FOR HIS WOUNDS AND HIGH BLOOD PRESSURE

HE WAS INFORMED BY TYRONE WHITE THAT HE WAS FIRED

FOR FIGHTING, EVEN THOUGH RACQUEL STERLING A FEMALE

WHOM WAS NOT A DISCRIMINATION VICTIM BUT DID USE

A WEAPON AND WAS NOT INJURED, AND WHOM DID NOT CALL

THE POLICE WAS NOT FIRED THE SAME AS THE MALE MOVANT

ON 5/08/00 AT BLUE PLATE FOODS CO., INC.

#22) THE MOVANT FURTHER STATE, CLAIM AND AVERS THAT THE

PRIOR DISCRIMINATORY ACT(S) AND PRACTICES PERPETRATED

AGAINST HIM IN THE CAPPING DEPARTMENT INCLUDED :

#1). JOB BID ADVERTISEMENTS

#2). EQUAL PAY(S) AND WAGE(S) AND BENEFIT(S)

#3). JOB PROMOTIONS

#4). JOB TRANSFERS

#5). USE OF COMPANY RESTROOM FACILITIES

#6). EQUAL JOB CLASSIFICATION(S) AND STATUS(ES)

#7). RECRUITING AND TRAINING(S)

#8). BEING TREATED DIFFERENTLY AND NOT SIMILARILY AS THE
FEMALES IN THE SAME WORKPLACE, USING THE SAME SIMILAR
SKILLS, EFFORTS AND RESPONSIBILITIES FOR THE SAME
EMPLOYER(S) UNDER SIMILAR WORKING CONDITION AS A MALE
AND BECAUSE THE MOVANT WAS NOT A FEMALE, AND OR
BETTY LOMEYER OR LINDA CONSTANTINE.

#9). By the MOVANT'S EMPLOYER(S) AND OR DEFENDANT(S).

THE MOVANT FURTHER STATES, CLAIMS AND AVERS THAT ALL

OF HIS SUPERVISOR(S) ARE MALES WHOM HAVE AUTHORITY

AND POWER OVER THEIR FEMALES EMPLOYEE(S), WHOM ARE

SUBJECTS OF THEIR SEXUAL FAVOR(S) AND ON THE JOB DATES.

WHOM ON MAY 08, 2000 CONSPIRED TO CONCEAL BRYAN EDWARDS

DISCRIMINATORY SEX HARASSMENT PRACTICES AGAINST THE MOVANT.

Now Comes The Movant Whom moves the bench and Prays

that the Honorable Presiding Judge will grant this Petition

for claims of relief(s) of injuries, damages, civil rights

violation(s), wrongful termination of employment, pain&suffering

employment discrimination(s), actual monetary losses,

future monetary losses, mental anguish, the intentional

infliction of emotional distress, shame and humiliation(s),

loss of companionship(s), inconviences, loss of frince benefits.

loss of 401(k) Health insurance, unequal pay and wages,

illegal job restructering, and or punitive damages
as set forth and here-in-contained aforementioned
in this petition giving rise for cause of action(s)
and ground, merits and or laws to proceed
And the potential to be granted and ordered
by the Honorable Presiding Judge as there is no just
reason why the Judgements should not be granted
by the Judge and immediately entered into the Clerk of
Court Records   NEW ORLEANS, LA
70127   ADDRESS 7123 Bunker Hill Rd

DATE   5-8-2001   NAME Douglas Hawthorne PHONE 248-6276

## Defendant(s) To Be Served At:

#1). Tyrone White       1315 South Jeff Davis Parkway N.O.L.A. 70113

#2). Merrick Moore      1315 South Jeff Davis Parkway N.O.L.A 70113

#3). Joe Neitzschman    1315 South Jeff Davis Parkway N.O.L.A 70113

## Defendant(s) To Be Served At:

#1). Jim Lashy       640 Magazine Street N.O.L.A

#2), Steven Himel    640 Magazine Street N.O.L.A.

## Defendant(s) To Be Served At:

#1). Bryan Edwards

## Defendants To Be Served At:

#1). The Reily Foods Company Inc.

      640 Magazine Street N.O.L.A.

✳ Plaintiff Demands Jury Trial ✳

AO 240 (1 94)

# United States District Court

EASTERN ——— DISTRICT OF ——— LOUISIANA

**Plaintiff**

Douglas Hawthorne Sr.

**V.**

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

**Defendant**

The Reily Foods Company Inc. Et, Al.

**CASE NUMBER:**

I, DOUGLAS Hawthorne declare that I am the (check appropriate box)

[✓] petitioner/plaintiff/movant          [ ] other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?:          [ ] Yes          [✓] No          (If "No" go to Part 2)

   If "Yes" state the place of your incarceration _____

   Are you employed at the institution?_____   Do you receive any payment from the institution? _____

   Have the institution fill out the Certificate portion of this affidavit and attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?          [ ] Yes          [✓] No

   a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

   10/26-2000   Evans Temp   2001 Ridge RD. MET.LA
   $240 @

3. In the past 12 twelve months have your received any money from any of the following sources?

   | | | Yes | No |
   |---|---|---|---|
   | a. | Business, profession or other self-employment | [ ] Yes | [✓] No |
   | b. | Rent payments, interest or dividends | [ ] Yes | [✓] No |
   | c. | Pensions, annuities or life insurance payments | [ ] Yes | [✓] No |
   | d. | Disability or workers compensation payments | [✓] Yes | [ ] No |
   | e. | Gifts or inheritances | [ ] Yes | [✓] No |
   | f. | Any other sources | [ ] Yes | [✓] No |

If the answer to any of the above is "Yes" describe each source of money and state the amount received and what you expect you will continue to receive ( ) The Reily Foods Company Inc. 8/00 NOTHING

AO 240 (1/94)

4.  Do you have any cash or checking or savings accounts?   ☑ Yes      ☐ No

   If "Yes" state the total amount.   $ 50⁰⁰

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?   ☐ Yes   ☑ No

   If "Yes" describe the property and state its value.

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

   DeShawn Adamore — Grandson
   Paul Adamore — Grandson
   Charles Adamore — Grandson
   Elton Adamore — Grandson          very little now.

I declare under penalty of perjury that the above information is true and correct.

5-8-2001                     Douglas  Hawthorne
DATE                          SIGNATURE OF APPLICANT